

**SIGNED THIS 6th day of November, 2024**

THIS MEMORANDUM OPINION HAS BEEN ENTERED ON THE DOCKET. PLEASE SEE DOCKET FOR ENTRY DATE.

_____
Paul M. Black
UNITED STATES BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) CHAPTER 7 |
| BRANDON KEITH BEAVERS, | ) |
| MARY ELIZABETH BEAVERS, | ) Case No. 22-70598 |
| Debtors. | ) |
| | ) |
| BRANDON KEITH BEAVERS and | ) |
| MARY ELIZABETH BEAVERS, | ) |
| Plaintiffs, | ) Adversary Proceeding |
| | ) No. 24-07018 |
| v. | ) |
| | ) |
| CITY OF RADFORD TREASURER, | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION

This matter came before the Court on a Complaint for Violation of Automatic Stay of Bankruptcy (Docket No. 1) (the "Complaint") filed on June 3, 2024, by the Debtors, Brandon Keith Beavers and Mary Elizabeth Beavers ("Plaintiffs" or "Debtors"), against the Defendant, City of Radford Treasurer ("Defendant"). After the Defendant failed to respond, the Clerk of the Court made its Entry of Default. The Plaintiffs then filed a Motion for Default Judgment on September 24, 2024, and an evidentiary hearing was held on October 21, 2024. At the

evidentiary hearing, the female debtor testified. Counsel for the Debtors submitted an affidavit to support her request for attorney's fees and the Court took the matter under advisement.

## FINDINGS OF FACT

Plaintiffs filed a joint voluntary petition under Chapter 7 of the United States Bankruptcy Code on October 13, 2022. Schedule F of their petition listed Town of Radford Utilities as an unsecured creditor with a claim amount of $629.00. Plaintiffs owed a debt for delinquent utilities to the City of Radford, but later learned the female Debtor also owed the City of Radford on a debt incurred by the female Debtor for ambulance services. The female Debtor testified that the address listed for notice was the same one she had seen on bills she and her husband had received from Defendant. On October 15, 2022, Notice of Chapter 7 Bankruptcy Case was sent by the Bankruptcy Noticing Center to the Town of Radford Utilities. The Notice included the following language:

> The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise.

On November 8, 2022, the Chapter 7 Trustee filed a report of no distribution, finding that Plaintiffs had no property available for distribution from the estate over and above that exempted by law. The case was therefore found to be fully administered, and claims scheduled to be discharged without payment were discharged by Order entered on January 10, 2023.

In March 2023, Plaintiffs received a bill dated March 22, 2023, noticing Plaintiffs that their state tax refund had been subject to offset in the amount of $149.19 due to a debt for "Ambulance Fees Run." The letter asserts a remaining balance due of $643.18. On March 28, 2023, Counsel for Plaintiffs mailed Defendant a letter asking that collection attempts cease,

reminding Defendant about the bankruptcy, and reminding Defendant that the case was discharged on January 10, 2023. The female Debtor testified that she also called Defendant in March, 2023 to explain they had filed a bankruptcy case, and Defendant claimed they never received any paperwork, despite notice being sent out previously. The female Debtor testified she repeatedly contacted Defendant to attempt to get the Defendant to stop the collection efforts.

In May 2024, Plaintiffs were served with a Warrant in Debt from the City of Radford for a similar amount alleged to be owed in the March 22, 2023 letter. The Warrant in Debt alleges the asserted balance as being based upon a "closed utility account." As of the date the Complaint was filed, the Warrant in Debt remained pending in the Radford General District Court.

In their Complaint, Plaintiffs allege that Defendant continued collection efforts against them for a pre-petition debt, despite having been mailed notice of the bankruptcy. Due to the automatic stay, Defendant was enjoined from post-petition collection against Plaintiffs for pre-petition debts. Plaintiffs argue that Defendant's actions constitute a willful and intentional violation of the automatic stay by attempting to pressure and harass Plaintiffs into paying, even though they received a discharge of the debt owed to Defendant.

The Plaintiffs further allege that Defendant's actions have caused Plaintiffs harm due to the distress, stress, and anxiety they have experienced. Plaintiffs claim they have continued to be concerned about the potential for ongoing and escalated collection activity, including the pending lawsuit, despite the fact that they filed bankruptcy to avoid such collection. The female Debtor testified that she and her husband were "sent into a tailspin" with anxiety when they began receiving collection letters from Defendant. The Plaintiffs also allege that Plaintiffs have further suffered the loss of time in communicating with counsel, and Plaintiffs were forced to request their counsel take legal action to protect their interests against a creditor that ignored the

3

automatic stay by continued collection efforts and harassment. The female Debtor testified that she spent 22 hours and 40 minutes attempting to resolve this matter, and her husband spent 18 hours attempting to resolve this matter. This includes time spent communicating with counsel by emails, contacting the Defendant, and missing one day of work each to appear in court on October 21, 2024.

> The Plaintiffs request the following relief:
>
> Debtors pray the Court finds that the Defendant has violated the automatic stay of 11 USC § 362, order that the Defendant cease all further collection activity against the Debtors, order that it be responsible for the Debtors' fees and costs (legal and otherwise) under 11 U.S.C. 362(k)(1) in having brought this action, and that it pay appropriate damages to the Debtors for their damages they have suffered as a result of its intentional, willful and unlawful activities, that the Defendant be sanctioned in a sum to prohibit future such actions; that the Defendant be held liable for any and all sums incurred by the Debtors for the purpose of collection on any judgment that the Court may enter against the Defendant; for such other relief as is just and equitable.

See Complaint, pp. 3-4. While the Complaint states Plaintiffs seek damages for violation of the automatic stay, Counsel for Plaintiffs stated at the October 21, 2024 hearing that Plaintiffs were in reality seeking damages for violation of the discharge injunction.

## **JURISDICTION**

This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the referral made to this Court by Order from the District Court on December 6, 1994 and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia. This Court further concludes that this matter is a "core" bankruptcy proceeding within the meaning of 28 U.S.C. § 157(b)(1) and (b)(2)(A).

4

**CONCLUSIONS OF LAW**

Although the Debtors request damages for violation of the automatic stay, the facts indicate this is in reality not an automatic stay case, but one implicating the discharge injunction. Thus, the Court will construe the Complaint as a request for damages for violation of the discharge injunction of 11 U.S.C. § 524(a). *See Hamlin v. Warren*, 664 F.2d 29, 30 (4th Cir. 1981) (A federal court "is not constrained by the pleader's request for relief.").[1] A debtor's claim that the discharge injunction is violated "implicates a right that exists solely because the [d]ebtor[] obtained a discharge in bankruptcy." *Harlan v. Rosenberg & Assocs., LLC & EMC Mortg. Corp. (In re Harlan)*, 402 B.R. 703, 710 (Bankr. W.D. Va. 2009). "Such proceeding is a core proceeding 'arising under' the Bankruptcy Code," and the Court has jurisdiction under 28 U.S.C. § 157(b)(1). *Id.*

This is not an 11 U.S.C. § 362(k)(1) case, as the stay terminated when the discharge was granted. 11 U.S.C. § 362(c)(2)(C). Upon the discharge, the discharge injunction of 11 U.S.C. § 524(a) went into effect. The discharge injunction of Section 524 "is an injunction against any act to collect or recover a discharged debt." *Helmes v. Wachovia Bank, N.A. (In re Helmes)*, 336 B.R. 105, 109 (Bankr. E.D. Va. 2005). In *Taggart v. Lorenzen*, 139 S. Ct. 1795 (2019), the U.S. Supreme Court ruled that a bankruptcy court may hold a creditor in civil contempt for attempting to collect on a debt that has been discharged in bankruptcy "if there is no fair ground of doubt as to whether the [discharge] order barred the creditor's conduct." *Id*. at 1801.

The Debtors received their discharge on January 10, 2023. After they received their discharge, the Defendant sent them a bill for pre-petition amounts owed, and the Debtors' counsel communicated with the Defendant in writing to remind the Defendant of the discharge

---

[1] The allegations of the Complaint invoking the automatic stay as opposed to the discharge injunction are concerning to the Court. The Debtors are represented by experienced and capable counsel.

injunction and its effect. The female Debtor also called the Defendant and reminded the Defendant of the bankruptcy filing as well. Nonetheless, the Defendant persisted, and went on to file post-discharge litigation against the Debtors in the Radford, Virginia General District Court. The Debtors have sufficiently proved the Defendant violated the discharge injunction. There is no fair ground of doubt as to whether the Defendant violated the discharge injunction here.

The Court now turns to damages. "'[D]amages awarded from civil contempt are ... either coercive in an attempt to push a violating party into compliance with a court order, or remedial in an attempt to restore losses from a violation of a court order.'" *In re Skaggs*, 644 B.R. 149, 157 (Bankr. W.D. Va. 2022) (quoting *In re Cordova*, 635 B.R. 321, 340 (Bankr. N.D. Ill. 2021)). While bankruptcy courts have broad discretion when awarding damages for discharge injunction violations, remedial damages for litigating the violation are generally limited to actual damages and attorney's fees to compensate debtors for the costs of litigating a violation. Punitive damages may be awarded if the Court feels it is necessary to coerce a party into complying with a court order, or if the defendant's conduct was particularly egregious or vindictive. *See In re Daniels*, 657 B.R. 819 (Bankr. D.S.C. 2024).

Counsel for the Plaintiffs is asking for an award of attorney's fees in connection with this action and submitted an Attorney Fee Affidavit to support this claim. Counsel recorded 4.3 billable hours spent on this matter for Plaintiffs and charged a rate of $375.00 per hour for this work. This brings the claim for attorney's fees to $1,612.50.

The female Debtor testified that she spent 22 hours and 40 minutes attempting to resolve this matter, and her husband spent 18 hours attempting to resolve this matter. The female Debtor further testified that her hourly rate of pay at the time the case commenced was $18 per hour and she later got a raise to $18.52 per hour; she also testified that her husband makes $14 per hour,

6

but that he averages $19 per hour with bonuses. The testimony was not clear about which hourly rate applies to the time spent on this case, nor did the female Debtor testify that either she or her husband lost actual wages due to being away from work to spend time on this case. Therefore, the Court declines to award actual damages for time spent on this case as they are overly speculative and the Plaintiffs presented no evidence of lost wages as a result of working on this case.

The Complaint refers to a state tax return being partially offset by the Defendant in the amount of $149.19. However, the Plaintiffs do not appear to seek relief for the return of these funds. Therefore, the Court will not award actual damages for the offset state tax return.

The Complaint filed by Plaintiffs does not state a requested amount of punitive damages, nor did counsel present any evidence to support punitive damages at the evidentiary hearing on October 21. The Court finds there was no egregious or vindictive conduct. In fact, it appears that the Defendant has only contacted Plaintiffs twice regarding the alleged debt, albeit one of those contacts being the initiation of a state court lawsuit.[2]  Further, counsel explained at the evidentiary hearing that there was some confusion about how much Plaintiffs owed the Defendant and what they owed the debt for. While the bankruptcy schedules initially noticed the Defendant for overdue utilities, the parties later discovered the Plaintiffs also owed the Defendant for ambulance services. Therefore, the Court will decline to award punitive damages in this case.

While the female Debtor testified to emotional damages she and her husband suffered as a result of the Defendant's conduct, the Fourth Circuit has held that emotional distress is not an

---

[2] The Plaintiffs in this case are not prohibited from seeking further relief in the event the litigation against them continues to be pursued by the Defendant.

appropriate item of damages for civil contempt. *See Burd v. Walters (In re Walters)*, 868 F.2d 665, 670 (4th Cir.1989).

## CONCLUSION

For the foregoing reasons, the Court finds that the City of Radford has willfully violated the discharge injunction in this case. The Court further finds that the Plaintiffs should be awarded $1,612.50 in actual damages for attorney's fees. Failure to pay the above damages to counsel for the Plaintiffs within sixty (60) days may subject the City of Radford to further sanctions, after notice and an opportunity for a hearing. A separate order will follow.